UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-03990 |
| | § | |
| PNC BANK, N.A., AND FEDERAL | § | |
| NATIONAL MORTGAGE ASSOCIATION | § | |
| | § | |
| Defendants. | | |

**OPINION AND ORDER**

Pending before the Court is Defendants PNC Bank, N.A. ("PNC") and Federal National Mortgage Association's ("Fannie Mae") motion to dismiss Plaintiff Daniel Ellis' original state court petition pursuant to Rule 12(b)(6). Doc. 7. Ellis asserts two claims against PNC for its alleged breach of a promise to suspend foreclosure proceedings on his house while PNC reviewed his request for a loan modification. Doc. 1-1. PNC alleges that Ellis' claims are foreclosed by the statute of frauds and that he has failed to plead essential elements of both of his claims. *Id.* at 1-2. Additionally, PNC asserts that the original petition wholly fails to plead any facts concerning Fannie Mae. *Id.* at 2.

Having considered PNC's motion, the facts of this case, and the applicable law, the Court grants PNC's motion to dismiss.

I. Background

As alleged in his original petition, Ellis owned a house at 20111 Baldwin Oak, Katy, Texas 77449. Doc 1 at 3. Although he does not state as much, it appears from his petition that Ellis obtained a mortgage to finance the property purchase. *See* Doc. 1-1. In November 2010, Ellis defaulted on the loan and requested a loan modification application from PNC. *Id.* at 3.

From November 2010 through February 2011, PNC requested and Ellis submitted financial documents and hardship letters. *Id.* at 4. On or about February 25, 2011, a PNC representative allegedly assured Ellis several times over the phone that his modification was in review and that "the foreclosure sale scheduled for March 1, 2011 had been suspended while the file was evaluated." *Id.* Nevertheless, PNC foreclosed on Ellis' home on March 1. *Id.* Although he does not state as much, it appears from his petition that Ellis received an eviction notice on his door sometime after foreclosure. *Id.* at 4 (In "June 2011…the eviction was placed on hold").

Ellis contends that in June 2011, his attorney contacted Fannie Mae's counsel and began seeking reinstatement options for Ellis' loan. The eviction was put on hold pending further investigation of his loan modification file. *Id.* Fannie Mae allegedly told Ellis that his loan would be reinstated if he paid the full amount of his overdue debt. *Id.* In response to requests from Ellis' attorney regarding the specific amount of Ellis' outstanding debt, Fannie Mae stated that PNC would inform Ellis of the total outstanding amount. *Id.* Ellis never received information on the required amount from PNC. *Id.* On October 04, 2011, Ellis found a second eviction notice on his door. *Id.* Ellis contacted the attorney named on the eviction notice who informed him that the loan would not be reinstated despite his previous agreement with Fannie Mae. *Id.*

On October 06, 2011, Ellis filed his original petition against PNC in the 281st Judicial District Court of Harris County on October 06, 2011 asserting two causes of action styled as promissory estoppel claims. Doc. 1-1 at 5-6. On November 14, 2011, PNC removed that case to this Court on the grounds of the Court's diversity jurisdiction (Doc. 1) and on December 21, 2011 filed a motion to dismiss under Rule 12(b)(6). Doc. 7.

II. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can

be granted." Fed. R. Civ. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556).

III. Analysis

In his original petition, Ellis asserts only two causes of action, both styled as promissory estoppel claims. However, a close examination of the facts alleged under the separate counts establishes that although the first count does attempt to enforce a promise to suspend foreclosure proceedings, the second count alleges that PNC negligently misrepresented the suspension of the foreclosure proceedings. Doc. 1-1 at 5-6. Indeed, the elements Ellis alleges under his second claim follow almost verbatim the elements for negligent misrepresentation under Texas law. *Compare* Doc. 1-1 at 5-6, *with Fed. Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.

1991). Moreover, in his reply to PNC's motion to dismiss, Ellis does not contest PNC's characterization of his second claim as one for negligent misrepresentation. *See* Doc. 8 at 5. This Court, therefore, addresses the second count as a negligent misrepresentation claim rather than as a promissory estoppel claim.

Although Ellis named Fannie Mae as a defendant in his original petition, nowhere in that document or in any other before the Court does Ellis plead any facts concerning Fannie Mae. In their motion to dismiss, PNC and Fannie Mae repeatedly assert that Ellis "wholly fails to allege any facts concerning Fannie Mae whatsoever." Doc. 7 at 7. Because Ellis has made no claim for relief against Fannie Mae, this Court dismisses Fannie Mae under Federal Rule of Civil Procedure 21.

A. Promissory Estoppel

Ellis seeks promissory estoppel of the foreclosure of his home based on alleged promises PNC made to him subsequent to his loan default. Ellis claims that a PNC representative made oral promises during a telephone conversation that the foreclosure of Ellis' home "had been suspended pending a review of Plaintiff's loan modification documents." *Id.* at 5. Despite the alleged promise, the foreclosure took place as scheduled. *Id.* at 4. Ellis requests a rescission of the foreclosure and substitute trustee deed. *Id.* at 5.

Under Texas law, an oral promise meant to modify a loan agreement exceeding $50,000 is unenforceable and barred as a claim of recovery under the statute of frauds, unless there is a promise to sign a written agreement documenting the modification. *See* Tex. Bus. & Com. Code Ann. § 26.02(2)(b) (Vernon 1999); *See also 1001 McKinney Ltd. v. Credit Suisse First Bos. Mortg. Cap.*, 192 S.W.3d 20,29 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Here, the original mortgage note on Ellis' house was approximately $167,450.00. Doc. 1 at 3. Ellis asserts

only that PNC made an oral promise limiting its right to foreclose during the pendency of the loan modification review. Doc. 1-1 at 5. Nowhere in Ellis' original petition does he allege that PNC promised to sign a written agreement documenting the suspension of foreclosure proceedings.

As read in § 26.02(2) of the Business and Commerce Code, the term "loan agreement" includes promises, promissory notes, and deeds of trust. Loan agreements like Ellis', in which the amount involved exceeds $50,000, are not enforceable "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." § 26.02(2)(b). When a modification relates to a matter that must be in writing, the modification must also be in writing. *Deuley v. Chase Home Fin.* LLC, No. H-05-04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006). Here, Ellis contends that the alleged oral modification is not subject to the statute of frauds as it relates only to the loan modification review process and "is not governed by the promissory note or deed of trust." Doc. 8 at 5. The modification's purpose, however, is to limit PNC's existing right to foreclose under the promissory note and deed of trust. Doc. 1-1 at 5. Because such a modification is precluded by the statute, Ellis has failed to allege the breach of an enforceable promise to validate his promissory estoppel claim.

Further, even if the statute of frauds did not apply, a cause of action for promissory estoppel must show that the claimant substantially relied on a promise to his detriment. *English v. Fisher*, 660 S.W.2d 521, 524 (Tex. 1983). In his original petition, Ellis claims he "substantially relied on [PNC's] promise by foregoing any other modification or legal options to his detriment." Doc. 1-1 at 5. He does not, however, specify any actions or omissions he did or declined to do as a result of the alleged oral promise. Ellis fails to plead sufficient facts supporting what options or additional modifications, if any, he could have pursued if PNC had

followed through on its alleged promise. Ellis has failed to assert an essential element of his claim.

Because it is clear that any attempt to replead this claim still would fail to survive the statutory bar against enforcing an oral modification of a loan agreement, this claim is dismissed with prejudice.

B. Negligent Misrepresentation

Ellis' second count is also styled as a claim for "promissory estoppel," but as noted above, this count actually relies on a theory of negligent misrepresentation. Ellis alleges that on February 25, 2011, PNC represented that the foreclosure scheduled for March 1, 2011 "was suspended pending a review of his recently submitted documents." *Id.* at 5. Despite this, the foreclosure took place on March 1. *Id.* at 4.

In order to state a claim for negligent misrepresentation in Texas, a plaintiff must show that "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant [does] not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *LHC Nashua P'ship, Ltd. v. PDNED Sagamore Nashua, LLC*, 659 F.3d 450, 458 (5th Cir. 2011) (citing *Fed. Land Bank v. Sloane*, 825 S.W.2d at 442). Second, the misrepresentation must be in regard to an existing fact. *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Here, Ellis fails to allege sufficient facts that would establish pecuniary loss by justifiable reliance on PNC's representation. For the same reasons as set forth above, there is no indication in this claim that PNC's alleged promise put Ellis in a disadvantaged position. Additionally, Ellis

does not allege any facts to indicate that his reliance on PNC's representation caused him pecuniary loss.

Moreover, PNC's alleged representation that it would refrain from foreclosing while it reviewed Ellis' modification request is a promise to refrain from doing an act in the future, which is not actionable in a negligent misrepresentation claim. *See BVY Water Supply Corp. v. Residential Invs., Inc.*, 170 S.W.3d 596, 603 (Tex. App.—Tyler 2005, pet. denied). Ellis claims that a PNC representative misstated an existing fact when the representative told Ellis "the foreclosure sale scheduled for March 1, 2011 had been suspended while the file was evaluated." Doc. 1-1 at 4. This representation was allegedly made on February 25, 2011, approximately five days before the scheduled foreclosure. To the extent PNC made a misrepresentation, it was that it would refrain from doing an act in the future and was not, therefore, an actionable misrepresentation concerning an existing fact. *Ezennia v. Wells Fargo Bank, N.A.*, No. 4:10-CV-05004, 2012 WL 1556170, at *6 (S.D. Tex Apr. 27, 2012) (promise to delay foreclosure proceedings pending a loan modification was not a statement of existing fact); *De Franceschi v. Wells Fargo Bank, N.A.*, 837 F.Supp.2d 616, 625 (N.D. Tex. 2011) (promise to delay foreclosure proceedings was not a statement of existing fact).

Lastly, Ellis' misrepresentation claim fails under the economic loss rule, which provides, "when a plaintiff alleges only an economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action." *Anthony v. Wells Fargo Bank*, 2012 WL 773331 at *4 (S.D. Tex. Mar. 8, 2012) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). A plaintiff may bring a tort claim arising out of a contractual relationship only when the defendant's conduct gives rise to liability "independent of the fact that a contract exists between the parties." *Owens v. BAC Home*

*Loans Servicing, LP*, No. H-LL-2742, 2012 WL 1494231, at *5 (S.D. Tex. Apr. 27, 2012) (citing *Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). "[I]f the defendant's conduct…would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract." *Id.* Here, Ellis contends that PNC promised to forgo a pre-existing contractual right to foreclose under the loan agreement. His complaints relate only to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a tort claim. *E.g.*, *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2412-B, 2012 WL 555155, at *5-*6 (N.D. Tex. Feb. 21, 2012).

Ellis, therefore, has failed to plead all the essential elements of a negligent misrepresentation action and his claim must be dismissed. Because his claim would fail under the economic loss rule, any attempt to amend is futile and his claim must be dismissed with prejudice. Although Ellis is barred by the economic loss rule from bringing an action sounding in tort, he has not attempted to state a claim for breach of contract, nor has the Court considered the validity of such a claim, other than its determination above that the statute of frauds prevents his claims premised on an alleged oral modification of the mortgage agreement. Because Ellis may yet have a valid claim for breach of contract, the Court grants Ellis leave to amend his original petition to state such a claim.

IV. Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendants PNC Mortgage and Federal National Mortgage Association's motion to dismiss Plaintiff Daniel Ellis' original state court petition (DOC. 1-1) is **GRANTED** and Plaintiff's claims for promissory estoppel and negligent misrepresentation are **DISMISSED** with prejudice. The Court further

**ORDERS** that Fannie Mae is **DISMISSED** without prejudice under Rule 21. The Court further

**ORDERS** that Plaintiff is granted leave to file an amended complaint that adequately states a claim for breach of contract within 15 days of receipt of this order. Failure to do so will result in dismissal of this suit.

SIGNED at Houston, Texas, this 19th day of July, 2012.

*[signature]*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE